UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CURTIS HALL** | : | **CIVIL ACTION NO. 15-cv-23** |
| DOC #416496 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JAMES M. LeBLANC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint filed in forma pauperis by plaintiff Curtis Hall (hereinafter "Hall").  Hall is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is incarcerated at Allen Correctional Center (hereinafter "ALC") in Kinder, Louisiana.  As defendants, Hall names: LDOC Secretary James M. LeBlanc; GEO Group, Inc.; ALC Wardens Terrell, Cooley, Allemand, and Estes; ALC Nurses A. Easom, Joy, and West; ALC Dentist Dr. Flore; ALC dental assistant Cristie; and ALC Sgt. Green.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that this action be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Hall alleges that he was denied proper medical care, thus violating his Eighth Amendment rights against cruel and unusual punishment.  He claims that, on March 8, 2014, he was attacked by two inmates sustaining injuries to his head, mouth, nose, and face.  Doc. 1, att. 2, p. 3.  He

claims that, rather than taking him to an outside hospital, he was treated by ALC staff at the infirmary where some of his injuries were bandaged and he was given two Tylenol. *Id.* Hall had a dental call out on the day of the incident and he was placed on a liquid diet. *Id.*

On March 27, 2014, ALC authorized his transport to a Lafayette Hospital for a CAT scan. *Id.* He was later transported to the LSU Hospital in Shreveport, Louisiana, on April 3, 2014. *Id.* While in Shreveport, Hall states that he had reconstructive surgery on his mouth and face. *Id.* He claims that he has permanent scaring on his face, and plates and screws in his mouth, face, and nose. *Id.* Hall maintains that he continues to suffer from frequent headaches and serious pain. *Id.*

As relief for the above, Hall seeks monetary damages, transfer from ALC, and that all defendants involved in this incident be fired or suspended. Doc. 1, p. 5.

## II.
### LAW AND ANALYSIS

### A. Frivolity Review

Hall has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's

allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

Hall, via his complaint and amendments, has sufficiently presented his claims.  The court is convinced that further amendment of his complaint would serve no useful purpose. Thus, accepting Hall's allegations as true, the court concludes that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

### C.  **Supervisory Liability**

Hall has not stated a sustainable claim against James LeBlanc; GEO; Wardens Terrell, Cooley, and Allemand; or Sgt. Green.  It is clear that these parties are named in their supervisory capacities.  It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*.  *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989).  To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged

constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Hall has not alleged personal involvement on the part of these defendants nor that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### D. Medical Care Claims

Hall claims that his medical care was inadequate. Medical care claims asserted by convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas,* 245 F.3d 447, 458–59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson,* 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner," and so the prisoner must "allege acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 103 & 106; *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). The official must have a subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003). Said another way, deliberate indifference, i.e., a subjective intent to cause harm, cannot be inferred from a prison official's failure to act reasonably. *Hare,* 74 F.3d at 649.

Further, the fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti,* 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.

Additionally, the fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. M*ayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

Hall has failed to present non-conclusory allegations of a subjective intent to cause harm in this matter. There is no doubt that he would have preferred for his medical issues to have been handled differently; however, his dissatisfaction does not render this a constitutional claim. The facts of this matter do not demonstrate that the defendants refused to treat him, ignored his

complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs. In fact, Hall, by his own admission, confirmed that he received medical care immediately after the incident, had a dental appointment on the day of the incident, was sent to a Lafayette hospital for a CAT scan, and had surgery at the LSU Medical Hospital in Shreveport.

The evidence before the court simply does not support a finding of deliberate indifference.

### E. Transfer Request

Hall has requested that this court order his transfer from ALC.

It is well-settled that an inmate does not have a constitutionally protected right to serve a sentence in any particular institution or to be transferred from one facility to another. *Olim v. Wakinekona,* 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not ... guarantee that the convicted prisoner will be placed in any particular prison.... The conviction has sufficiently extinguished the [inmate's] liberty interest to empower the State to confine him in any of its prisons."); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) ("a prisoner has no liberty interest in being housed in any particular facility.")

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Hall's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 22nd day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE